## FERGIN v. VINCENT. (No. 5912.)

(Court of Civil Appeals of Texas. Austin. May 15, 1918.)

GARNISHMENT ⊕⟶196 — DISCHARGE OF GARNISHEE.

Where, in the main case, a judgment was given against garnishee as trustee for defendants' creditors which was not appealed from but was paid, an appeal will not lie from the judgment discharging the garnishee, which would relitigate matters already finally adjudicated.

Appeal from McLennan County Court; Jas. P. Alexander, Judge.

Suit by E. G. Fergin against S. B. Price. Plaintiff sued out a writ of garnishment against Chas. Vincent, and the defendant impleaded the garnishee, whereupon plaintiff filed a plea in the main suit against the garnishee. Judgment for plaintiff against the defendant Price and against the defendant Vincent as the trustee for the creditors of Price, and, from that part of judgment discharging the garnishee, plaintiff appeals. Affirmed.

Geo. W. Barcus, of Waco, for appellant. S. E. Stratton, of Waco, for appellee.

KEY, C. J. Appellant, Fergin, brought suit against one S. B. Price, and sued out a writ of garnishment against appellee Vincent. In the main suit the defendant Price impleaded Vincent, alleging that he had entered into a contract by which he obligated himself to pay Price's debt to Fergin; and therefore Price asked for judgment over against Vincent. Vincent filed an answer to Price's cross-action, and also an answer to the writ of garnishment, in which he denied that he had promised to pay Price's debt to Fergin; denied that he had bought from Price a stock of merchandise, as alleged by Fergin; but alleged that Price had assigned the same to him (Vincent), as trustee, to be sold and proceeds applied pro rata to the payment of Price's debts. Thereupon the plaintiff, Fergin, filed a plea in the main suit, alleging that Vincent had bought Price's stock of merchandise, and that the sale was in violation of the bulk sale statute, and prayed that, in the event Vincent was not held liable to him as garnishee, he have judgment against him because of the fact that he had unlawfully obtained possession of and placed the stock of goods out of the reach of creditors. At the trial of the main case the court held that Vincent obtained possession of the merchandise, fixtures, and accounts of Price, as trustee, for the benefit of all creditors, and rendered judgment against Vincent in favor of Fergin and Price for the sum of $142, as Fergin's pro rata share as a creditor of Price in the proceeds of the sale by Vincent of the trust property, the judgment stipulating that when the same was paid it would be credited on the judgment which was then rendered in favor of Fergin against Price for $237. That judgment was not appealed from, and the record shows that Vincent had paid and satisfied the same. In the garnishment suit the court refused to render judgment in favor of the plaintiff, Fergin, and rendered judgment discharging Vincent as garnishee; and Fergin has prosecuted this appeal from that judgment.

A recital of the foregoing facts renders it obvious that the appeal is without merit. In the main case the questions involved in the ancillary garnishment proceeding were tried, judgment was therein rendered in favor of appellant against appellee, which judgment has been satisfied, and therefore appellant has no right to have the same questions relitigated, as he is now attempting to do; and the righteous judgment of the trial court in refusing to grant him such right is affirmed.